**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 97-30404**
**Summary Calendar**

_____

**ROLAND FELIX EYOUM,**

**Petitioner-Appellant,**

**versus**

**NANCY HOOKS; WARDEN HENMAN,**

**Respondents -- Appellees.**

_____

Appeal from the United States District Court
for the Western District of Louisiana
(96-CV-1336-P)
_____
June 9, 1998

Before JONES, SMITH, and STEWART, Circuit Judges.

PER CURIAM:[*]

Appellant Eyoum is an alien subject to final deportation order who has been objecting for about 18 months to being detained, initially for failure to post a $15,000 bond. In a habeas petition filed before the district court, he contended and still contends in a bevy of motions to this court, that the $15,000 bond was

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

excessive and that he is entitled to be released on his own recognizance or a much lesser bond. The district court denied relief.

Without making jurisdictional mountains out of mole hills[1] we easily conclude that we lack jurisdiction over both Eyoum's appeal from the district court decision and the "emergency motions" he is filing to obtain release or a lower bond in this court.

No matter what the scope of jurisdiction under IIRIRA, Eyoum would not be entitled to relief in this court because the amount of the original bond became a moot question when his deportation order became final and, indeed, was upheld on appeal by this court. United States ex rel. Spinella v. Savoretti, 201 F.2d 364 (5th Cir. 1953). We also lack jurisdiction over the District Director's January 22, 1997 post-deportation order revoking Eyoum's bond because he failed to appeal that decision to the BIA and thus to exhaust his administrative remedies. McCarthy v. Madigan, 503 U.S. 140, 143 (1992); 8 C.F.R. § 242.2(d).

Because we lack appellate jurisdiction over Eyoum's appeal, we also lack jurisdiction to grant the emergency relief he desires, as such relief could only be granted if we had appellate jurisdiction of the merits.

---

[1] The jurisdictional hoops set up by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Public Law No. 104-208, 110 Stat. 3009 (1996), are tantalizingly broad, but need not be addressed here.

For these reasons, Eyoum's appeal is <u>DISMISSED</u> and his emergency motions are <u>DENIED</u>.